[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff sued the defendant for sums allegedly due for goods and services rendered in connection with the funeral of the defendant's son. The defendant counterclaimed for breach of contract, violation of the Connecticut Unfair Trade Practices Act, Gen. Stat. § 42-110 et seq. and the negligent infliction of emotional harm. The controversy arose out of the fact that the casket of defendant's son was closed before and during the funeral.
The case was referred to an Attorney Trial Referee pursuant to Practice Book § 19-2A. Following a trial the ATR issued a careful and detailed report and recommendations, including numerous findings of fact. The ATR recommended a finding in favor of the plaintiff in the amount of $7,824.00 with interest of $2,079.00 plus attorney's fees. The report was subsequently amended to award a stipulated amount of attorneys fees of $4,110.00. The report also recommended a finding for the plaintiff on the defendant's counterclaims.
The ATR report came before the court without objection from either party. In reviewing the report the court determined that the ATR had employed an incorrect burden of proof in assessing the counterclaim of negligent infliction of emotional harm. With the consent of the parties the matter was referred back to the ATR for reconsideration of the report and application of the correct burden of proof-preponderance of the evidence. See Practice Book § 19-17.
On reconsideration, the ATR has recommended, applying the preponderance of the evidence standard, that the negligent infliction of emotional harm counterclaim be dismissed. In all other respects the report remains unchanged. CT Page 9316
The ATR report, as reconsidered, is again before the court and no objections have been filed. The court finds that the report and recommendations are thoughtfully and conscientiously rendered. After a full review of the findings of fact the court finds the recommended determinations to be in accordance with the law and accepts the report and recommendations. Judgment may enter accordingly.
ADAMS, J.